IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DUSTIN E. ZUHLKE,<br><br>                  Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security;<br><br>                  Defendant. | 8:18CV295<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on Plaintiff's motion for attorney fees in the amount of $17,985.50 under 42 U.S.C. § 406(b). Filing No. 34. The Defendant does not object to the Plaintiff's request for fees but does object to the fee amount. Filing No. 37. Defendant argues that the correct amount Plaintiff's attorney is due is $16,895.50. *Id.* Plaintiff agrees that the correct § 406(b) fee is $16,895.50. Filing No. 38. Defendant now requests that this Court independently determine whether attorney fees in the amount of $16,895.50 is reasonable. Filing No. 37.

**BACKGROUND** This is an action for judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA"). Filing No. 25. Plaintiff appealed the final determination of the Commissioner which denied his application for Social Security benefits. *Id.* This Court reversed the Commissioner's decision. *Id.* The Court found, among other things, that the Administrative Law Judge ("ALJ") had erred by failing to discuss medical equivalence for Plaintiff's migraines and properly assess the weight of the treating or consulting physician opinions. *Id.* at 22. The Court found controlling weight should have been afforded to the treating physician opinion and ordered benefits be awarded to the Plaintiff. *Id.* at 23-24.

1

In support of his motion, the Plaintiff has shown that on or about June 21, 2018, Plaintiff Dustine E. Zuhlke and attorneys Tim Cuddigan and West Kappelman entered into a fee agreement providing for a contingency fee of twenty-five percent of back benefits and assigning that award to Plaintiff's counsel. Filing No. 34-1, Fee Agreement. On February, 8, 2020, Plaintiff received a notice of award explaining that benefits were secured for Plaintiff's dependents. Filing No. 34-3, Dependent Notice Letters. Both Plaintiff and Defendant agree that the notices explain that an additional $30,450 ($3,972, $6,324, $6,718, $6,718, $6,718) in benefits was secured for Plaintiff's dependents. Filing No. 38. They further agree that $7,612.50 represents twenty-five percent of the benefits that were secured for Plaintiff's dependents. *Id.* On March 22, 2020, Plaintiff's counsel received a notice that $15,283.00 had been withheld to cover the fee of up to twenty-five percent of back benefits. Filing No. 34-2, Notice Letter.

Additionally, Plaintiff previously applied for and was awarded Equal Access to Justice Act (EAJA) fees under 28 U.S.C. § 2412(d) in the amount of $1,857.70. Filing No. 32. Plaintiff's attorneys expended approximately 9.2 hours of work performed before this Court. Filing No. 34-4, Exhibit EAJA Itemization of Time. They spent an additional 6.6 hours on Plaintiff's federal court case not accounted for in the prior EAJA motion. Filing No. 34-5, Exhibit Non-EAJA Itemization of Time. Plaintiff agrees that, if EAJA fees and 406(b) fees are obtained, he will be refunded the smaller of the amount of the EAJA fee or the § 406(b) fee. Filing No. 34-1, Fee Agreement. Counsel agrees to refund to the plaintiff the amount of the EAJA fee ($1,857.70) if this motion is granted. Filing No. 38.

**LAW**

Plaintiff seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b) in the amount of twenty-five percent of plaintiff's past-due benefit award. The Social Security Act authorizes a federal district court to award attorney fees for representation before the court under 42 U.S.C. § 406(b). Congress enacted § 406(b) to "protect claimants against inordinately large fees and also to ensure that attorneys representing successful claimants would not risk nonpayment of [appropriate] fees." *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002) (internal quotation marks omitted). Fees under § 406(b) satisfy a client's obligation to counsel and, therefore, attorney fees are withheld by the Commissioner and paid directly to the attorney out of past-due benefits awarded. 42 U.S.C. § 406(b); 20 C.F.R. § 404.1720(b)(4) (2011).

"[Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht*, 535 U.S. at 807. However, a contingency-fee agreement that provides for fees in excess of the boundary imposed by Congress, twenty-five percent of past-due benefits, is per se unreasonable. See *id.*; 42 U.S.C. § 406(b)(1)(A). If the contingency-fee agreement is at or below the twenty-five percent boundary, the attorney for the successful claimant must establish that the fee sought is reasonable in proportion to the services rendered. *Gisbrecht*, 535 U.S. at 807.

District courts are responsible for conducting an "independent check" to ensure the fee award is reasonable. *Id.* A court should determine whether a downward adjustment of an attorney's recovery is appropriate based on the character of the representation and the results the attorney achieved. *Id.* at 808. To avoid a windfall to a successful claimant's attorney, the court should make a downward adjustment if the award of

benefits is large in comparison to the amount of time counsel spent on the case. *Id.*; *Rodriquez v. Bowen*, 865 F.2d 739, 747 (6th Cir. 1989) ("Where a case has been submitted on boilerplate pleadings, in which no issues of material fact are present and where no legal research is apparent, the benchmark twenty-five percent of awards fee would obviously be inappropriate"). Courts may also reduce an award in situations "occasioned by improper conduct or ineffectiveness of counsel," such as where an attorney delays a case to increase the attorney's share of "past-due" benefits. *Rodriquez*, 865 F.2d at 746; *Gisbrecht*, 535 U.S. at 808.

Courts may award attorney fees to prevailing claimants and their attorneys under both the EAJA and § 406(b); however, a double recovery is not permitted. *Gisbrecht*, 535 U.S. at 796. "EAJA fees and fees available under § 406 are two different kinds of fees that must be separately awarded." *Frazier v. Apfel*, 240 F.3d 1284, 1286 (10th Cir. 2001). When both awards are granted, the attorney must refund the lesser award to the client. *Id.*

**DISCUSSION**

Pursuant to *Gisbrecht,* this Court has conducted an independent review of the fee arrangement and finds the fee requested under § 406(b) satisfies the statutory requirement of yielding a "reasonable" result. First, the character of the representation in this case and the result achieved support that the requested fee is reasonable. The Plaintiff's attorneys do not appear to have caused any unnecessary delay in proceedings, the hours spent on the case were well-documented and their efforts were ultimately successful in securing disability benefits for Plaintiff. Not only did Plaintiff's attorneys secure $15,283 for Plaintiff's past due benefits, but they also secured past due benefits

for Plaintiff's dependents. The award notices explain that an additional $30,450 ($3,972, $6,324, $6,718, $6,718, $6,718) in benefits was secured for Plaintiff's dependents. Filing No. 34-3, Dependent Notice Letters. Thus, Plaintiff's attorneys secured an additional $7,612.50 (twenty-five percent of $30,450) in benefits for Plaintiff's dependents.

Second, the requested fee of $16,895.50 is not unreasonable based upon the time expended and the agreement of the parties. Plaintiff's attorneys expended approximately 9.2 hours of work performed before this Court and an additional 6.6 hours on Plaintiff's federal court case not accounted for in the prior EAJA motion. Thus, the "hypothetical hourly rate" for work performed is approximately $1,069.33 per hour ($16,895.50 / 15.8 hours). The Court finds the $1069.33 hypothetical hourly rate is neither prohibited by the statute nor unreasonable, especially given the agreement of the parties. Plaintiff agreed to pay a contingent fee of twenty-five percent of this representation and the requested fee ($16,895.50) falls below that amount. Indeed, even both parties in this case agree that 1) twenty-five percent of Plaintiff's past due benefits is $15,283, 2) twenty-five percent of total past due benefits for Plaintiff's dependents is $7,612.50, and 3) that Plaintiff's prior representative is entitled to 406(a) fees in the amount of $6,000 for work performed during the administrative phase of the claim. Accordingly, both agree that $16,895.50 does not exceed twenty-five percent of Plaintiff's and his dependents' total past-due benefits. Additionally, Plaintiff's attorney provided legal services with no guarantee of payment in any amount. In light of the results achieved, combined with more than fifteen hours of time expended, and the nature of the agreement, the Court finds that the requested fee of $16,895.50 is reasonable.

However, Congress has precluded receipt of attorney fees for the same services under the EAJA and § 406(b), and the smaller of the fees for the same work under the EAJA and § 406(b) must be refunded to Plaintiff. In this case, Plaintiff previously applied for and was awarded fees under the EAJA in the amount of $1,857.70. Since the EAJA fee ($1,857.70) is smaller than the 406(b) fee ($16,895.50), the EAJA fee must be refunded to the Plaintiff.

**THEREFORE, IT IS ORDERED** that:

1. Plaintiff's motion for attorney fees under 42 U.S.C. § 406(b), Filing No. 34, is granted.
2. Plaintiff is awarded $16,895.50 under 42 U.S.C. § 406(b).
3. Counsel shall refund to plaintiff the EAJA fee, $1,857.70.
4. A separate judgment shall be entered in conjunction with this Memorandum and Order.

Dated this 4th day of September, 2020.

BY THE COURT:

s/ Joseph F. Bataillon  
Senior United States District Judge